**4**

Byron Joseph SWAN, Petitioner—
Appellee,

v.

R.J. HERNANDEZ; G.E. Harris,
Warden; R. Correctional,
Captain, Defendants,

A.A. Lamarque; Cal Terhune, Dir. Ca
Dept Correct; R. Hargrove; Linda L.
Melching, Inmate; C.K. Pliler, War-
den; John C. Bailey, Correctional
Counsel; J. Stocker; G.E. Harris,
Warden; P. Hamilton, Associate War-
den; A. Solis; Martinez, Correctional
Sgt; D. Tristan, Deputy Director;
Granadoz, Correctional Counsel; A.
Hedgpeth, Capt.; D. Miller, Correc-
tional Counsel; L. Ybarra, Correc-
tional Officer; S. Geiser, Correctional
Counsel, Respondents,

and

M.P. Moore, Correctional Captain; D.
Holt, Correctional Lt., Respondents—
Appellants.

No. 02–17078.
D.C. No. CV–00–03464–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 22, 2003.

Byron Joseph Swan, MCSP—Mule
Creek State Prison, Ione, CA, pro se.

James Donato, Esq., Cooley Godward
LLP, San Francisco, CA, for Petitioner–
Appellee.

Linda Pancho, Department of Justice,
San Francisco, CA, Paul D. Gifford, DAG,
Sara Turner, Esq., Bill Lockyer, Attorney
General, Robert R. Anderson, Deputy Atty
Gen, AGCA—Office of the California, San
Francisco, CA, for Defendant.

Before PREGERSON, BEAM,* and
PAEZ, Circuit Judges.

---

* The Honorable C. Arlen Beam, Senior United
States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Taking the facts in the light most favorable to Byron Swan, officers Moore and Holt violated Swan's constitutional right when they failed to act despite knowing that Swan faced a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Swan, a special needs inmate, suffered serious harm—and was in jeopardy of sustaining even more substantial injury—when other prisoners kicked him in the face with something sharp. Swan told Moore and Holt about the specific threats he received in the days leading up to his assault. He told the officials *who* threatened him, *why* they threatened him, and *where* and *when* they threatened to attack him. Further, Moore acknowledged in a conversation with Holt and Swan that Swan's family had also expressed concern about Swan's safety.

Moore and Holt failed to protect Swan from the imminent assault. Instead, Holt instructed Swan to return to his cell—even though the attack was threatened to occur that day. Holt did suggest, however, that Swan speak with his counselor about his safety concerns the following day "and maybe she can send you to 'B' facility." This advice supports the inference that Moore and Holt understood that Swan was in danger. Their disregard of the known threat to Swan's well-being constitutes an Eighth Amendment violation.

At the time Swan approached Moore and Holt and informed them about the threats he had received, "the law regarding prison officials' duty to take reasonable measures to protect inmates from violence at the hands of other prisoners was 'clearly established.'" *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir.2001) (quoting *Farmer*, 511 U.S. at 833, 114 S.Ct. 1970). It was well-settled that an official's deliberate indifference to the risk that a prisoner would be harmed by other inmates violates the Eighth Amendment. *See id.*

Viewing the facts in the light most favorable to Swan, no reasonable official possessing detailed information about the immediate threats to Swan's safety could believe that sending Swan back to his cell in Facility A was lawful.

The district court appropriately denied Moore and Holt qualified immunity under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The district court's order is therefore AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.